UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Nuru Yakubu, | ) | C/A No. 8:24-cv-2633-MGL-WSB |
|                 Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Warden Joseph, | ) | |
|                 Respondent. | ) | |

Nuru Yakubu ("Yakuba") is a federal prisoner currently housed at the Federal Correctional Institution in Bennettsville, South Carolina. He brings this habeas action under 28 U.S.C. § 2241 claiming that the Bureau of Prisons ("BOP") has wrongfully denied him earned time credits under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194. Respondent has moved to dismiss, or in the alternative, for summary judgment.[1] ECF No. 19. For the reasons set forth below, the undersigned recommends that the district court grant Respondent's motion.[2]

## BACKGROUND

In 2015, Yakubu, a native and citizen of Ghana, was sentenced by the United States District Court for the Eastern District of Virginia to a term of 144 months' imprisonment for conspiring to import heroin. *See United States v. Yakubu*, 1:11-cr-00199-CMH-2 (E.D. Va. Feb. 26, 2015), ECF No. 434 (Amended Judgment).

---

[1] Because affidavits were submitted in support of the motion and considered by the court, the motion is treated as one for summary judgment.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.).

1

After Yakubu was sentenced, Congress passed the FSA. Among other reforms, the FSA established a system to encourage inmates' participation in "evidence-based recidivism reduction" ("EBRR") programs and "productive activities" ("PAs"). 18 U.S.C. § 3632(d). Inmates who complete EBRR programs and PAs earn time credits, which "shall be applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). In other words, "FSA time credits, when applied, advance the date when the prisoner will be placed in 'prerelease custody' (including home confinement or residential reentry facilities), or accelerate the date when the prisoner will leave BOP custody to start a term of court-imposed supervised release." *Komando v. Luna*, C/A No. 22-cv-425-SE, 2023 WL 310580, at *4 (D.N.H. Jan. 13, 2023). Not all inmates, however, are eligible to have FSA time credits applied to their sentences. As relevant here, "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal." 18 U.S.C. § 3632(d)(4)(E)(i).

On November 14, 2023, Yakubu received a "Notice and Order of Expedited Removal" ("NOER") from the Department of Homeland Security ("DHS"). ECF No. 1-2 at 15. DHS determined that Yakubu was inadmissible under 8 U.S.C. § 1182(a)(7)(B)(i)(II) and ordered him removed from the United States. *Id.* Because of the NOER, Yakubu claims, the BOP "t[ook] back" time credits he already earned and "extend[ed]" his release date by over a year from March 7, 2024, to April 17, 2025. ECF Nos. 1 at 6; 1-1 at 1, 2.

Yakubu filed the instant habeas Petition on April 25, 2024. ECF No. 1-3 at 1. In addition to seeking an order granting his immediate release, he asks the Court to "[t]ransfer[] this matter" to the Eastern District of Virginia so it can "consider whether to reduce [his] supervised release term" under 18 U.S.C. § 3583(e). ECF No. 1-1 at 5. Respondent moved to dismiss, or in the

2

alternative, for summary judgment on August 6, 2024. ECF No. 19. Yakubu responded in opposition on September 4, 2024. ECF No. 22. This matter is ready for review.

## LEGAL STANDARDS

"Section 2241 bestows upon district courts the power to grant habeas corpus relief to a 'prisoner' who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (quoting 28 U.S.C. § 2241(a), (c)(3)). Challenges to "the computation and execution of [a] sentence rather than the sentence itself" are properly brought under § 2241. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *Fontanez v O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) (explaining that "a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255").

Summary judgment is appropriate in habeas proceedings, as in other civil cases, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if it "may reasonably be resolved in favor of either party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), while a fact is "material" if it "might affect the outcome of the suit under the governing law," *id.* at 248. When considering a motion for summary judgment, the court views "all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020).

The moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "come forward with specific facts

showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) (internal quotation marks and emphasis omitted). Under this standard, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

## DISCUSSION

Respondent argues that Yakubu's § 2241 Petition should be dismissed because (1) he is ineligible to have FSA time credits applied to his sentence, (2) he does not have a liberty interest in the application of FSA time credits, and (3) he failed to exhaust available administrative remedies before filing his petition. ECF No. 19 at 1. The undersigned addresses these arguments below, beginning with the threshold issue of exhaustion.

**Exhaustion of administrative remedies.**

Typically, "[f]ederal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004). The judicially crafted exhaustion requirement serves several purposes. First, it "protects administrative agency authority" by allowing an agency to "correct its own mistakes . . . before it is haled into federal court" and by "discourag[ing] disregard of [its] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation marks omitted). Exhaustion also promotes efficiency, as "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Finally, requiring a petitioner to exhaust available administrative remedies "aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996).

4

Here, Respondent has presented evidence showing that Yakubu failed to pursue his claims beyond the first step in the BOP's administrative remedy process. ECF No. 19-1 at 1 (Declaration of J. Carter). Yakubu does not dispute this evidence. Instead, he argues that requiring him to complete the administrative remedy process would cause him irreparable harm, as he "has been detained long past his expected release date." ECF No. 1-1 at 2.

Some courts have waived the exhaustion requirement where, as here, a petitioner asserts entitlement to immediate release from BOP custody. *See, e.g.*, *Nelson v. Cox*, C/A No. 4:20-cv-04199-KES, 2021 WL 1221178, at *2 (D.S.D. Apr. 1, 2021); *Harriot v. Jamison*, C/A No. 24-cv-208-AT-JLC, 2024 WL 2981150, at *3 (S.D.N.Y. June 13, 2024); *Arellano-Ortiz v. Quintana*, C/A No. 2:23-cv-06290-ADS, 2024 WL 648683, at *3 (C.D. Cal. Jan. 5, 2024). Several others, though, have not. *See, e.g.*, *Rosenberg v. Pliler*, C/A No. 21-cv-5321-VEC, 2021 WL 6014938, at *4 (S.D.N.Y. Dec. 20, 2021); *Lugman v. Cox*, C/A No. 1:24-cv-00413, 2024 WL 2789475, at *1 (W.D. La. Apr. 22, 2024), *R&R adopted by* 2024 WL 2784321 (W.D. La. May 30, 2024); *Randolph v. Hudson*, C/A No. 22-cv-3049-JWL, 2022 WL 1909051, at *2 (D. Kan. June 3, 2022).

Ultimately, the district court need not decide whether to excuse Yakubu's failure to exhaust. Because the merits of the Petition are straight-forward, the undersigned recommends that the district court, in the interest of judicial efficiency, "skip over the exhaustion issue" and proceed to the substance of his claims. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, . . . a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question."); *see also Oliver v. Barnes*, C/A No. 1:21-cv-462-RMG-SVH, 2021 WL 3410468, at *4 (D.S.C. May 26, 2021) ("[B]ecause Petitioner's underlying claim seeking

5

application of earned time credits under the First Step Act is without merit, the court need not resolve the exhaustion issue."), *R&R adopted by* 2021 WL 2947665 (D.S.C. July 14, 2021).

**Ineligible to apply earned time credits under the FSA.**

The FSA categorically and expressly bars inmates who are "the subject of a final order of removal under any provision of the immigration laws" from applying time credits toward their sentences. 18 U.S.C. § 3632(d)(4)(E)(i). "[I]n the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)).

Yakubu is subject to such an order. The NOER attached to his petition states:

> Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the [Immigration and Nationality] Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

ECF No. 1-2 at 15. This language is followed by the signatures of an immigration officer and a DHS supervisor, whose approval finalized the NOER. 8 C.F.R. § 235.3(b)(7) ("Any removal order entered by an examining immigration officer pursuant to section 235(b)(1) of the Act must be reviewed and approved by the appropriate supervisor before the order is considered final.").

Therefore, under the FSA's plain terms, Yakubu is ineligible to apply any earned time credits to his sentence. *See Batioja Cuero v. Warden, FCI Berlin*, C/A No. 23-cv-065-LM-AJ, __ F. Supp. 3d ___, 2024 WL 4171204, at *3 (D.N.H. Sept. 12, 2024) ("District courts across the country have found that NOERs like [petitioner's] are 'final order[s] of removal' for purposes of 18 U.S.C. § 3632(d)(4)(E)(i)."); *Harriot*, 2024 WL 2981150, at *4 ("The NOER, which was entered by an immigration officer and approved by a supervisor, is a final order of removal that prevents the BOP from applying FSA time credits in [petitioner's] case as a matter of law.").

**No liberty interest in the application of FSA time credits**.

Yakubu also claims that he "has a vested liberty interest in his [earned time] credits[] that were applied and taken back." ECF No. 1 at 6. That argument lacks merit.

"An individual claiming a liberty or property interest protected by the Fourteenth Amendment 'must have a legitimate claim of entitlement to it.'" *Henderson v. Simms*, 223 F.3d 267, 274 (4th Cir. 2000) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

FSA time credits "are not a general entitlement. Instead, prisoners are merely afforded the *opportunity* to earn [FSA time credits] by participating in recidivism-reduction programming." *Fiorito v. Fikes*, C/A Nos. 22-cv-0749-PJS-TNL, 22-cv-0759-PJS-TNL, 22-cv-0797-PJS-TNL, 2022 WL 16699472, at *6 (D. Minn. Nov. 3, 2022) (emphasis in original). Even when earned, time credits are not automatically applied to a prisoner's sentence. Their application depends on several conditions: the prisoner must have earned enough time credits to "equal . . . the remainder of [his or her] imposed term of imprisonment," 18 U.S.C. § 3624(g)(1)(A), must present a "minimum or low risk to recidivate," *id.* § 3624(g)(1)(D)(i)–(ii), and must not be "the subject of a final order of removal," *id.* § 3632(d)(4)(E)(i).

"Given the contingent nature of the application of FSA time credits," *Gant v. King*, C/A No. 23-cv-1766-NEB-ECW, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023), it is no surprise that "[e]very [c]ourt to consider this issue has reached the same conclusion — prisoners do not have a liberty interest in earning, receiving, or applying FSA time credits," *Clinkenbeard v. King*, C/A No. 23-cv-3151-JRT-LIB, 2024 WL 4355157, *6 (D. Minn. June 20, 2024), *R&R adopted by* 2024 WL 4355063 (D. Minn. Sept. 30, 2024); *see, e.g.*, *Cheng v. United States*, C/A No. 22-cv-10536 (VSB), __ F. Supp. 3d ___, 2024 WL 1309016, at *4 (S.D.N.Y. Mar. 26, 2024); *White v. Warden, Fed. Corr. Inst. – Cumberland*, C/A No. DKC-22-cv-2371, 2023 WL 4867562, at *10 (D.

7

Md. July 31, 2023); *Newell v. Fikes*, C/A No. 2:22-cv-53, 2023 WL 2543092, at *3 (S.D. Ga. Feb. 21, 2023), *R&R adopted by* 2023 WL 2541126 (S.D. Ga. Mar. 16, 2023).

**Transfer to the Eastern District of Virginia is not warranted.**

In the "Request for Relief" section of his petition, Yakubu requests that "this action . . . be transferred to the [Eastern District of Virginia] to resolve [his] motion to modify his term of supervised release under 18 U.S.C. [§] 3583(e)(2)." ECF No. 1 at 8; *see also* ECF No. 1-1 at 4-5 (requesting transfer under 28 U.S.C. § 1404(a)). The district court should deny this request. Yakubu's filing is properly construed as an application for habeas relief under 28 U.S.C. § 2241. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."). Because "[j]urisdiction over a § 2241 petition 'lies only in . . . the district of confinement,'" *United States v. Mullinax*, 706 F. App'x 134, 134 (4th Cir. 2017) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)), transfer to the Eastern District of Virginia is inappropriate. *Jones v. Rickard*, C/A No. 1:17-cv-02795, 2020 WL 5824444, at *4 (S.D. W. Va. Sept. 30, 2020) ("A court may not transfer a § 2241 motion to a district in which the motion could not have originally been filed.").

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court GRANT Respondent's motion for summary judgment, ECF No. 19, and DENY Yakubu's § 2241 Petition, ECF No. 1.

IT IS SO RECOMMENDED.

November 5, 2024  
Greenville, South Carolina

s/William S. Brown  
United States Magistrate Judge

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).